**2122-CC00178**

Electronically Filed - City of St. Louis - January 21, 2021 - 04:39 PM

## IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| GLOBAL INVESTMENT GROUP, LLC, | ) | |
| | ) | Cause No. |
| | ) | |
| Plaintiff, | ) | Division |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Serve: Sayler A. Fleming** | ) | |
| **United States Attorney** | ) | |
| **Eastern District of Missouri** | ) | |
| **111 South 10th Street, 20th Floor** | ) | |
| **St. Louis, MO 63102** | ) | |
| | ) | **EQUITY** |
| Defendant. | ) | |

### PETITION TO QUIET TITLE AND OTHER RELIEF

COMES NOW Plaintiff Global Investment Group, LLC ("Plaintiff"), by and through the

law firm of Spooner Law, LLC, and for Plaintiff's Petition to Quiet Title and Other Relief states to

the Court as follows:

### AVERMENTS COMMON TO ALL COUNTS

1.      This action is brought to quiet title and/or to determine a lien concerning a certain

parcel of real property located within the City of St. Louis known and numbered as 48 Portland

Place, St. Louis, Missouri, 63108, more particularly described as follows:

> *Lot 14 of Forest Park Addition and in Block 4904 of the City of St. Louis fronting
> 100 feet on the South line of Portland Place, by a depth Southwardly of 190 feet to
> the Northern line of Lot 7; Locator Number 4904-00-00400* [the "Property"].

2.      At all times relevant herein Plaintiff is a limited liability company registered with

the State of Missouri with its principal place of residence and registered agent located in the

County of St. Louis, State of Missouri.

1

Electronically Filed - City of St. Louis - January 21, 2021 - 04:39 PM

3.       Defendant, by and through the Department of Treasury - Internal Revenue Service, claims a Federal Tax Lien on the Property as evidenced by the Notice of Federal Tax Lien attached hereto as **Exhibit 1** and incorporated herein as if fully set out ("IRS Lien").

4.       Subject matter jurisdiction is proper before this Court as the Property is located within the City of St. Louis, Missouri, and because under 28 U.S.C. §2410(a)(1) & (2) Defendant has consented to jurisdiction before this Court as this action is brought to quiet title and/or to determine a lien on real property which Defendant has or claims a lien.

5.       On or about June 22, 2007, Holly Hoeffner-Kaplan ("HHK") became the legal and equitable owner in fee simple of all right, title and interest in and to the Property, as evidenced by the General Warranty Deed attached hereto as **Exhibit 2** and incorporated herein as if fully set out.

6.       On information and belief, the Texas State Bank holds a deed of trust secured by the Property dated June 22, 2007 in the amount of $1,300,000.00 recorded with the Recorder of Deeds for the City of St. Louis at Book 06272007 Page 0098 ("DOT").

7.       On or about December 16, 2014, a Judgment for Dissolution of Marriage was entered in the Circuit Court of St. Louis County in Cause Number 13SL-DR00261 whereby HHK was ordered to transfer the Property by quit claim deed to HHK and Gary Kaplan ("GK") as joint tenants with rights of survivorship and to sell the Property.

8.       On or about December 17, 2014, HHK transferred by Quit Claim Deed all of her right, title and interest in and to the Property to HHK and GK as joint tenants with rights of survivorship in accordance with the Judgment for Dissolution of Marriage, as evidenced by the attached **Exhibit 3**, incorporated herein as if fully set out.

9.       On or about April 30, 2015, HHK and GK as joint tenants with rights of survivorship transferred by Special Warranty Deed all of their right, title and interest in and to the Property to NAK Investments, LLC ("NAK"), as evidenced by the attached **Exhibit 4**, incorporated herein as if fully set out.

2

Electronically Filed - City of St. Louis - January 21, 2021 - 04:39 PM

10.     On or about December 29, 2015, Defendant, by and through its revenue officer in its Chicago, Illinois office, caused the IRS Lien to be filed with the Recorder of Deeds for the City of St. Louis identifying the taxpayer as "NAKS Investment LLC, as Nominee of Gary Kaplan" located at 48 Portland Place, St. Louis, Missouri, assessing 1040 tax liability of GK as of July 15, 2014 for the tax year 2004 in the amount of $38,146,828.51 and for the tax year 2005 in the amount of $15,881,718.88, thereby asserting the IRS Lien on the Property in the total amount of $54,028,547.39.

11.     On or about July 10, 2018, the Collector of Revenue for the City of St. Louis filed a petition under The Municipal Land Reutilization Law in the Circuit Court for the City of St. Louis bearing Cause Number 1822-LT30347, Land Tax Suit 198, seeking to collect the unpaid real estate taxes for the Property for the tax years 2014, 2015 and 2016, and/or to otherwise foreclose upon the Property at a public sale in order to pay the delinquent real estate taxes ("Tax Sale").

12.     On or about October 26, 2018, a Judgment and Decree of Foreclosure was entered in the Tax Sale whereby the Sheriff for the City of St. Louis ("Sheriff") became the owner of the Property and was directed to sell the Property at a public sale and to apply the proceeds from such sale to satisfy all unpaid real estate taxes and other enumerated items associated with the Property.

13.     On or about July 18, 2019, the Sheriff sold the Property at a public sale to St. Louis Tax Sale, LLC ("STS") at a sale price of $101,025.00.

14.     On or about August 8, 2019, the Tax Sale was confirmed and the Sheriff was ordered to transfer and sell all rights, title and interest in and to the Property to STS.

15.     On or about August 23, 2019, in accordance with RSMo §92.700 - §92.920 the Sheriff transferred by Sheriff's Deed all rights, title and interest in and to the Property to STS, as evidenced by the attached **Exhibit 5**, incorporated herein as if fully set out.

Electronically Filed - City of St. Louis - January 21, 2021 - 04:39 PM

16.     On or about October 10, 2019, STS transferred by Quitclaim Deed all rights, title and interest in and to the Property to Plaintiff, as evidenced by the attached **Exhibit 6**, incorporated herein as if fully set out (the "QC Deed").[1]

17.     Prior to the date of the public sale of the Property STS performed an exterior visual inspection and determined that fixtures upon the Property had been removed from the Property.

18.     As a result of learning that fixtures upon the Property had been removed, STS inquired into the occupancy history of the Property and learned that the Property had been unoccupied since sometime on or about 2014.

19.     Subsequent to the date the sale of the Property to STS was confirmed, STS entered the Property to perform an interior inspection and discovered that light fixtures, bathroom and kitchen fixtures, and fixtures/trim of historical significance, had been removed from the Property.

20.     During the interior inspection of the Property STS discovered damage to the plumbing systems, electrical systems, HVAC systems, windows, doors, walls, dormers, fascia boards, stucco veneer, as well as water damage, mold, and leaking pipes, that the Property was uninhabitable, and that estimates to repair the Property exceeded 1.2 million dollars.

21.     In addition to the cost to repair the Property, real estate tax bills for 2018, 2019 and 2020 must be paid, as well as homeowner's association dues from 2014 through 2020.[2]

22.     On or about April 16, 2020, the Assessor for the City of St. Louis and Plaintiff entered into a Stipulation before the State Tax Commission that the current assessed value of the Property is $277,720.00 and the stipulated assessed value of the Property is $57,000.00, as further evidenced by **Exhibit 7**, attached hereto and incorporated herein as if fully set out.

---

[1] STS is wholly owned by Plaintiff.

[2] Real estate taxes are estimated to be in excess of $65,000.00, and homeowner's association dues are estimated to be in excess of $42,000.00.

4

Electronically Filed - City of St. Louis - January 21, 2021 - 04:39 PM

23.     On information and belief, between July 2019 and March 2020 the Property was appraised with a value between $275,000.00 - $300,000.00.

24.     Plaintiff claims to be the 100% sole owner of the Property by virtue of The Municipal Land Reutilization Law, the Sheriff's Deed, and the QC Deed, and Plaintiff claims the IRS Lien is invalid or alternatively subject to discharge under §6325(b)(2)(A) or §6325(b)(2)(B).

25.     Defendant claims an interest in the Property by the IRS Lien and has failed to respond to Plaintiff's demand that the IRS Lien be deemed invalid or requests that the IRS Lien be discharged under §6325(b)(2)(A) or §6325(b)(2)(B).

26.     A dispute currently exists whereby Plaintiff claims a 100% ownership interest in the Property free and clear of the IRS Lien and Defendant claims an interest in the Property by the IRS Lien that is adverse to Plaintiff.

## COUNT I – DECLARATORY JUDGMENT

COMES NOW Plaintiff, by and through undersigned counsel, and for Count I of Plaintiff's Petition against Defendant for Declaratory Judgment states to the Court as follows:

27.     Plaintiff, by this reference, hereby incorporates all paragraphs and averments in this Petition as if fully set out herein.

28.     Plaintiff's interest in the Property is a legally and equitably protectable interest.

29.     This declaratory judgment action is brought to declare the rights and interests of the parties hereto with respect to the Property and the IRS Lien.

30.     There is a current justiciable controversy between Plaintiff and Defendant in that Plaintiff contends it owns the Property free and clear of the IRS Lien and Defendant contends the IRS Lien is valid and enforceable, therefore, a controversy exists concerning the parties' rights and interests in and to the Property as well as concerning the validity and enforcement of the IRS Lien.

Electronically Filed - City of St. Louis - January 21, 2021 - 04:39 PM

31.     A controversy exists between the parties regarding the Property and the IRS Lien

necessitating the court to determine and/or declare the rights and interests of the parties including,

but not limited to, a determination of the following matters:

a)      whether the IRS Lien is discharged by the Tax Sale as Defendant received notice of the public sale not less than 25 days prior to such sale and Defendant attended the public sale, see 26 C.F.R. §301.7425-3;

b)      whether the IRS Lien is valid and enforceable or unattached from the Property as GK had no interest in the Property, GK did not have or retain possession or control of the Property, GK did not use or enjoy the Property, and/or GK did not pay any expenses for the Property;

c)      whether the IRS Lien is valid and enforceable or unattached from the Property as the Property was never owned by GK because HHK owned the Property which was transferred to HHK and GK as joint tenants with rights of survivorship and was then transferred to NAK until ownership was obtained by the Sheriff;

d)      whether the IRS Lien is valid and enforceable as having first priority over the DOT and/or the interests of Plaintiff;

e)      whether the IRS Lien is valid and enforceable as the taxpayer had no interest in Property because NAK is not a valid or proper nominee, see, IRM §5.17.2.5.7.2, *Scoville v. U.S.*, 250 F.3d 1198, 1202 (8th Cir. 2001);

f)      whether the IRS Lien is discharged in accordance with 26 U.S.C. §6325(b)(2)(A);

g)      whether the IRS Lien is discharged in accordance with 26 U.S.C. §6325(b)(2)(B);

h)      whether the IRS Lien is valid and enforceable as equity requires the IRS Lien be discharged or unattached from the Property as GK never had any equity or financial benefit in the Property, the IRS Lien does not impose any penalty on the taxpayer, Defendant receives no benefit from the IRS Lien, GK has not and never will benefit from the Property, and but for Plaintiff's acts and conduct associated with the purchase, maintenance and/or improvements the Property would remain vacant, in disrepair, uninhabitable and dilapidated, real estate taxes, HOA fees and other assessments would remain unpaid, historical preservation of the Property would be lost, Plaintiff will be forced to abandon the Property, and the Portland Place subdivision would suffer injury.

Electronically Filed - City of St. Louis - January 21, 2021 - 04:39 PM

32.     The issue of whether the IRS Lien is valid and enforceable is ripe and appropriate for judicial resolution and a judicial determination is necessary and appropriate at this time under all circumstances so the parties may determine their rights and duties to each other.

33.     Plaintiff lacks an adequate remedy at law.

WHEREFORE, based on the foregoing, Plaintiff prays this Court enter an order and judgment on Count I as follows:

  i)      discharging or removing the IRS Lien from the Property;

  ii)     canceling and/or voiding any interest in the Property by Defendant;

  iii)    that Defendant has no interest in the Property;

  iv)     that Plaintiff is the 100% and sole owner of the Property free and clear of the IRS Lien;

  v)      that the IRS Lien is invalid and unenforceable;

  vi)     for all costs and attorneys' fees incurred herein; and

  vii)    for such other relief as deemed just and proper.

## COUNT II - QUIET TITLE

COMES NOW Plaintiff, by and through undersigned counsel, and for Count II of Plaintiff's Petition against Defendant for Quiet Title states to the Court as follows:

34.     Plaintiff, by this reference, hereby incorporates all paragraphs and averments in this Petition as if fully set out herein.

35.     Pursuant to RSMo §527.150, incorporated herein by reference, this Court has the equitable power to determine what rights, title and interest the parties have in the Property.

36.     Plaintiff has a superior claim to the Property and wishes to eliminate any interest in or to the Property resulting from the IRS Lien.

7

Electronically Filed - City of St. Louis - January 21, 2021 - 04:39 PM

37.      Plaintiff seeks a determination by this Court quieting title to the Property and canceling and/or voiding any interest in the Property by Defendant as well as determining that Plaintiff is the 100% and sole owner of the Property free and clear of the IRS Lien.

WHEREFORE, based on the foregoing, Plaintiff prays this Court enter an order and judgment on Count II quieting title in Plaintiff's favor as follows:

      i)      canceling and/or voiding any interest in the Property by Defendant;

      ii)      that Defendant has no interest in the Property;

      iii)      that Plaintiff is the 100% and sole owner of the Property free and clear of the IRS Lien;

      iv)      that the IRS Lien is invalid and unenforceable;

      v)      for any and all relief allowed under RSMo §527.150;

      vi)      for all costs and attorneys' fees incurred herein; and

      vii)      for such other relief as deemed just and proper.

**SPOONER LAW, LLC**

By /s/   *Jack B. Spooner*
Jack B. Spooner     #38382
34 North Brentwood Blvd., Suite 210
St. Louis, Missouri 63105
Phone: (314) 725-4300
Facsimile: (314) 725-4301
Email: jbs@spoonerlawllc.com
***Attorneys for Plaintiff***

8