IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLOBAL INVESTMENT GROUP, LLC, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA *on*<br>*behalf of* INTERNAL REVENUE )<br>SERVICE, )<br>)<br>  Defendant. ) | Case No. 4:21-CV-00289 SEP |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY DISCOVERY, OR, IN THE ALTERNATIVE,
MOTION FOR ENTRY OF PROTECTIVE ORDER**

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's opposition to Defendant's Motion to Stay Discovery, or, in the Alternative, Motion for Entry of Protective Order ("Motion"), hereby submits the following relevant argument and citations to authorities on which Plaintiff relies to support the basis and reasons to deny the Motion.[1]

*Statement of Case*

Once again, Defendant attempts to confuse the Court about the nature of this case, this time in an effort to stifle discovery. Contrary to Defendant's posture of Plaintiff's causes of action, the First Amended Petition does contest the validity of the Tax Lien under 28 U.S.C. §2201 (Declaratory Judgment Act) or under 26 U.S.C. §7421(a) (Anti-Injunction Act). As in this case, when a party does not challenge the merits of the tax assessment itself 28 U.S.C. §2410(a) is the recognized method for determining a lien dispute. *Progressive Consumers Federal Credit Union v. United States*, 79 F.3d 1228, 1233-1234 (1st Cir. 1996). The Declaratory Judgment Act and the Anti–Injunction Act do not bar quiet title suits that do not

---
[1] Unless otherwise defined herein, exhibits and capitalized terms shall have the same meaning/identification as described in the First Amended Complaint.

1

contest the merits of the underlying tax assessment. *Aqua Bar v. IRS*, 539 F.2d 935, 940 (3d Cir.1976); see also *Harrell v. United States*, 13 F.3d 232, 234 (7th Cir.1993)(Anti–Injunction Act does not bar 28 U.S.C. §2410 challenge to government's method of collecting assessments); *McEndree v. Wilson*, 774 F. Supp. 1292, 1297 (D. Colo. 1991)(§2410(a)(1) provides exception to Declaratory Judgment Act's jurisdictional bar).  Moreover, this case is not an attempt by a taxpayer to circumvent enforcement of a tax assessment through a quiet title action, this case is an action brought by a third party challenging procedural irregularities regarding the Tax Lien on the Property.[2]  see generally *Kulawy v. United States*, 917 F.2d 729, 733 (2nd Cir. 1990).

Here, the taxpayer obtained an interest in the Property with a former spouse on December 17, 2014 [ECF No. 15 at ¶7].  On April 30, 2015, the taxpayer and former spouse transferred the Property by a Special Warranty Deed to NAK Investments, LLC ("NAK") [ECF No. 15 at ¶8].  On May 5, 2015, Defendant filed a Tax Lien with the City of St. Louis recorder of Deeds against the taxpayer [ECF Doc. 2-1 at Page ID #49].  On December 29, 2015, Defendant filed a Tax Lien with the City of St. Louis Recorder of Deeds against NAK as the nominee of the taxpayer [ECF Doc. 2-1 at Page ID #50].  Subsequently, Plaintiff obtained title to the Property [ECF No. 15 at ¶¶12-16].

As instructed and required by Defendant, Plaintiff sought a discharge of the Tax Lien by the only means available, submission of a Form 14135 in accordance with IRS Publication 783 [ECF No. 15 at ¶¶34-36].  On February 7, 2020, Plaintiff submitted a completed Form 14135 to Defendant seeking a discharge of the Tax Lien [ECF No. 15 at ¶40].  Plaintiff communicated with Defendant several times regarding the discharge of the Tax Lien [ECF No. 15 at ¶¶41-46].

---

[2] Most cases relied on by Defendant involve taxpayers trying to sue Defendant to attack the validity of a tax assessment. Plaintiff is not challenging the over 35 million dollar tax assessment against Mr. Kaplan, Plaintiff is challenging the lien interest of Defendant in the Property, which is a cognizable action under 28 U.S.C. §2410. *Brewer v. United States*, 764 F. Supp. 309, 314 (S.D.N.Y. 1991); see also *Gentry v. United States*, 1991 WL 191246, at *4 (E.D. Tenn. July 22, 1991), aff'd, 962 F.2d 555 (6th Cir. 1992).

On May 28, 2020, Defendant advised Plaintiff it was closing its file because Defendant did not receive necessary information to complete the discharge application investigation, with no mention of what necessary information was needed [ECF No. 15 at ¶45].  Subsequently, Defendant ignored Plaintiff's communications and ignored Plaintiff's repeat submission of a completed Form 14135 [ECF No. 15 at ¶¶46-49].

This action  challenges the procedural irregularities associated with the Tax Lien, namely, whether the Property is clear of the Tax Lien if the recording act controls since a tax lien may not attach to a property when the prior owner/taxpayer's transfer deed was recorded prior to the notice of tax lien (as the NAK transfer was prior to the recording of the Tax Lien the taxpayer held no interest in the Property at the time said notice was filed), unless Defendant can show such notice was recorded prior to the NAK transfer.  If not, then Defendant must prove the transaction divesting the taxpayer of title was a fraudulent conveyance or the conveyance was to a related party (e.g., was NAK a valid nominee, was NAK the taxpayer's entity or the taxpayer's trust).  See, *Scoville v. United States*, 250 F.3d 1198, 1201-1202 (8th Cir. 2001).

In addition, procedural irregularities surround the handling of Plaintiff's Form 14135, including, why Defendant closed its file, why Defendant ignored the repeat submission of Plaintiff's Form 14135, why Defendant failed to provide Plaintiff with the value of Defendant's interest in the Property, and, for purposes of discharging the Tax Lien, whether  the value of Defendant's interest in the Property is determined as of July/August 2020.[3]  Simply , the First Amended Complaint pleads the only means available to determine the nature of Defendant's Tax lien and to enforce Defendant's compliance with the procedures enacted for Plaintiff's benefit to discharge the Tax Lien.  see *Aqua Bar*, 539 F.2d at 939.

---

[3] To be clear, Plaintiff is not asking the Court to determine the value of the Tax Lien, nor is Plaintiff seeking to affect the underlying tax assessment.  Plaintiff has brought this action to determine the nature of Defendant's lien on the Property and to challenge procedural irregularities associated with the Tax Lien.

3

*Legal Standard*

    **A.    Scope of Discovery**

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery as follows:

> "(1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Under Rule 26 the scope of discovery is exceedingly broad. *SI03, Inc. v. Musclegen Research, Inc.*, 2020 WL 6544261, at *1 (E.D. Mo. Nov. 6, 2020).  This is because "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id*. (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Relevancy in the context of Rule 26 is broadly construed to include any matter that bears on, or that could reasonably lead to other matters that could bear on, any issue that may be or is in the case.  *Id*. (citing *Jo Ann Howard & Associates., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014)).

While Rule 26 includes a proportionality requirement, it does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26 advisory committee's note to 2015 Amendment. "A party claiming undue burden or expense ordinarily has far better information ...with respect to that part of the determination." *Id*.  "A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018).

4

### B.     Motion to Stay Standard

In *Raimo v. Washington University in St. Louis*, 2021 WL 243559, *1 (E.D. Mo. January 25, 2021) this Court provided the legal standard for deciding a motion to stay discovery pending disposition of a motion to dismiss, finding a court should consider four factors: 1) whether the moving party can show a likelihood of success on the merits of the dispositive motion, 2) the hardship or inequality to the moving party if discovery is not stayed, 3) what prejudice the non-moving party will suffer if discovery is stayed, and 4) the conservation of judicial resources. *Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, 2019 WL 4644021, at *3 (E.D. Mo. Sept. 24, 2019).

### C.     Protective Order Standard

Under Rule 26(c)(1) a party may move for a protective order pertaining to discovery to protect from annoyance, embarrassment, oppression, or undue burden or expense. Due to the liberal scope of Rule 26 and the potential for abuse, the federal rules confer a court with broad discretion to decide when a protective order is appropriate and what degree of protection is required to protect the moving party. *Whitt v. City of St. Louis*, 2020 WL 7122615, at *3 (E.D. Mo. Dec. 4, 2020). However, the movant has the burden to demonstrate good cause for issuance of a protective order and to show good cause the movant must show what specific prejudice or harm will result if no protective order is granted. *Id*. Conclusory statements are insufficient to establish good cause for a protective order. *Id*.

*Argument*

### A.     Overview

During the discovery conference Defendant maintained there exists certain authority that limits discovery in cases involving the IRS. It is clear from Defendant's argument that no such

special authority exists. Defendant relies on the same principles of law as would a litigant in any contested action.

The dispositive motion relied on by Defendant to stay discovery broadly argues a stay is necessary until the Court determines whether it has subject matter jurisdiction and/or whether Defendant waived sovereign immunity. However, it is indisputable that under 28 U.S.C. §2410 Defendant waived sovereign immunity and that this court has subject matter jurisdiction. Plaintiff's action seeks relief to quiet title to, or foreclose a lien upon real property to which Defendant claims a lien. see 28 U.S.C. §2410(a)(1), (2). 28 U.S.C. §1340 provides the basis for subject matter jurisdiction over actions against Defendant pursuant to §2410(a), as §1340 is a jurisdictional statute that provides a district court with original jurisdiction of any civil action arising under any act of Congress for providing internal revenue… ." see *Aqua Bar*, 539 F.2d at 937. Plaintiff's pleadings do not contest the validity of Defendant's tax assessment or the liability of the taxpayer. A quiet title action under section 2410 is, in substance, a suit for a declaratory judgment, and the Declaratory Judgment Act does not operate to deprive a court of jurisdiction. *Aqua Bar*, 539 F.2d at 940; see also *McEndree*, 774 F. Supp. at 1297 (§2410(a)( providing an exception to the Declaratory Judgment Act, as plaintiff's remedies are limited to declaratory relief). However plead, Plaintiff's action seeks a declaration and determination by the Court concerning Defendant's interest in the Tax Lien, and the affect the Tax Lien has on Plaintiff's title to the Property.

    **B.**    **The *Raimo* Factors**

There is no reason for Plaintiff to devote considerable argument to defeat Defendant's attempt to stay discovery. Defendant's arguments fails to come close to the showing required to justify a stay of discovery under *Raimo*. Defendant cannot show a likelihood of success on the merits of its motion to dismiss because under 28 U.S.C. §2410 Defendant has waived sovereign

6

immunity and allowed subject matter jurisdiction before this Court.  Defendant devotes a substantial portion of its argument attacking the merits of Plaintiff's claims.  However, when considering a motion to dismiss all of the factual allegations in the First Amended Complaint are considered true and construed with all reasonable inferences in favor of Plaintiff.  *Agnew v. St. Louis County*, 504 F. Supp. 3d 989, 996 (E.D. Mo. 2020).  Further, the Court must liberally construe the First Amended Complaint in favor of Plaintiff.  *Huggins v. FedEx Ground Package Systems, Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  Defendant cannot establish that it appears from examination of the pleadings that it is beyond doubt that Plaintiff can prove no set of facts in support of the claims which would entitle Plaintiff to relief, further reinforcing that Defendant cannot show a likelihood of success on the merits of its motion to dismiss.

Defendant's argument in support of establishing the second factor under *Raimo* is confusing at best.  Defendant waived sovereign immunity under 28 U.S.C. §2410.  It is laughable that Defendant claims two or three depositions creates a hardship given the pleadings. Defendant again attempts to support an argument by attacking the merits of Plaintiff's claims, this time to show *potential* discovery is overly broad or irrelevant, despite Defendant's admission that the Court must conduct a de novo review of the Tax Lien.  It is not surprising that Defendant believes a plaintiff cannot adduce evidence through discovery when a court is reviewing de novo whether a lien is valid.  In Defendant's world it seems a plaintiff has no right to obtain discovery in an effort to persuade a court regarding a legal position in a de novo review of an administrative action.

Under the third *Raimo* factor a non-moving party generally will suffer no prejudice if discovery is stayed so long as the Rule 16 Order is extended, however, this isn't the case here. Plaintiff is incurring about $13,000.00 in expenses each month while this case is pending [ECF No. 15 at ¶¶59, 74, ].  In Defendant's world it either does not matter that a small business incurs

7

expenses associated with delay, or expenses of $13,000.00 a month are simply a pittance not to be worried about.

Finally, there is no support for the fourth *Raimo* factor.  Since Plaintiff's claim are viable under 28 U.S.C. §2410 a stay of discovery does not conserve judicial resources, it only delays the use of judicial resources.  Judging by Defendant's actions associated with its handling of Plaintiff's Form 14135 submission, as well as it actions thus far in this litigation, it is hypocritical for Defendant to argue that it has any concern whatsoever about conserving judicial resources.

### C.     Defendant Lacks Good Cause for a Protective Order

In support of a protective order Defendant essentially repeats its arguments, namely, that Plaintiff's claims are weak, that Defendant has not waived sovereign immunity, that the Court lacks subject matter jurisdiction, and that Plaintiff's discovery is mostly irrelevant.  Defendant seeks to bar discovery regardless of whether it bears on or could reasonably lead to other matters that could bear on, any issue that may be or is in the case.  In essence, Defendant is attempting to use a protective order as a means to object to Plaintiff's discovery.  A protective order is not the appropriate means for objecting to a party's discovery requests under the federal rules.  A protective order requires Defendant show a particular and specific demonstration of fact that good cause exists to protect Defendant from annoyance, embarrassment, oppression, or undue burden or expense, as distinguished from conclusory statements.  *Vallejo*, 903 F.3d at 743; Fed. R. Civ. P. 26(c)(1).  Defendant's belief about the strength of Plaintiff's claims has no bearing on whether discovery warrants a protective order.  Defendant must make a showing of good cause and the specific prejudice that will result absent a protective order.  Defendant's conclusory statements to curtail discovery are insufficient to establish good cause for a protective order.

*Conclusion*

Defendant's motion is nothing more than an attempt to chill discovery by objecting to discovery before any discovery is undertaken, and to suppress Plaintiff's ability to obtain discovery relevant to Plaintiff's case.  It is inevitable that under 28 U.S.C. §2410 Plaintiff's case will go forward.  Plaintiff is entitled to develop such evidence under the scope of Rule 26 that may or could bear on a quiet title action associated with the procedural irregularities of the Tax Lien, the effect of the Tax Lien on Plaintiff's title to the Property, Plaintiff's right to foreclose the Tax Lien, and to assess Defendant's conduct associated with its handling of Plaintiff's discharge application.

Based on the foregoing, the Motion must be denied.

                                            **SPOONER LAW, LLC**

                                        By: */s/ Jack B. Spooner*
                                              Jack B. Spooner     #38382MO
                                              34 North Brentwood Blvd., Suite 210
                                              St. Louis, Missouri 63105
                                              Phone: (314) 725-4300
                                              Facsimile: (314)725-4301
                                              Email: jbs@spoonerlawllc.com
                                              ***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned certifies that he signed the original opposition memorandum and that on this 1st day of December 2021 a copy of same was served on counsel for Defendant through the Court's CM/ECF system to the following attorneys of record:

| | |
|---|---|
| **Priyanka D. Cohen**<br>Trial Attorney, Tax Division<br>U.S. DEPARTMENT OF JUSTICE<br>Email: Priyanka.d.cohen@usdoj.gov | **Gretchen E. Nygaard**<br>Trial Attorney, Tax Division<br>U.S. DEPARTMENT OF JUSTICE<br>Email: Gretchen.E.Nygaard@usdoj.gov |
| **Joshua M. Jones**<br>Office of U.S. Attorneys – St. Louis<br>U.S. DEPARTMENT OF JUSTICE<br>Email: Joshua.m.jones@usdoj.gov | |

**ATTORNEYS FOR DEFENDANT**

                                                 _/s/Jack B. Spooner_